

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 8, 1974

The Honorable Jesse James
State Treasurer
State of Texas
Austin, Texas 78701

Opinion No. H- 415

Re: Use of bonds of a leased
housing corporation as security
for the deposit of state funds.

Dear Mr. James:

You have asked our opinion

as to whether the leased housing revenue bonds that
are to be issued by the Guadalupe Leased Housing
Corporation, Victoria, Texas may be accepted, when
issued, as collateral for State Funds and if such bonds
will be unconditionally guaranteed by the United States
Government as to payment of both principal and interest.

The basic requirements for collateral for the deposit of state funds
are set out in Article 2529, V. T. C. S., which provides in part:

The Treasurer shall require each bank so designated
to qualify as a State Depository on or before the 25th
day of November next, . . .

(b) by pledging with the Treasurer any securities
of the following kinds: bonds and certificates and other
evidences of indebtedness of the United States, and all
other bonds which are guaranteed as to both principal
and interest by the United States;

An additional means of providing security for deposit of state funds
is outlined in Article 1269k-1, V. T. C. S., which provides in part:

Notwithstanding any restrictions on investments contained in any laws of this State, the State [and other designated agencies,corporations and persons] may legally invest any sinking funds, moneys or other funds belonging to them or within their control in any bonds or other obligations issued by a housing authority pursuant to the Housing Authorities Law (Chapter 462, Regular Session of the 45th Legislature, as amended by House Bill No. 102, 2nd Called Session of the 45th Legislature, and amendments thereto) or issued by any public housing authority or agency in the United States, when such bonds or other obligations are secured by a pledge of annual contributions to be paid by the United States Government or any agency thereof, or secured or guaranteed by a pledge of the full faith and credit of the United States Government or any agency thereof, and such bonds and other obligations shall be authorized security for all public deposits;

The bonds in question are the type commonly issued to finance programs under § 23 of the United States Housing Act of 1937, as amended, (42 U.S.C. § 1421b). A leased housing corporation, a non-profit body which in this case is the Guadalupe Leased Housing Corporation, is created and contracts to construct a project. A Public Housing Authority, in this case the Housing Authority of the City of Victoria, Texas, agrees to lease the project and upon completion will in turn lease units to qualified individuals and families. The federal Department of Housing and Urban Development enters into an Annual Contribution Contract (ACC) with the Public Housing Authority. The ACC is designed to cover the annual principal and interest requirements of the bonds. The public housing authority pledges its receipts under the ACC to meet its lease payments to the leased housing corporation and the leased housing corporation uses the money to meet its obligations to the bondholders. In other words, the public housing authority uses the leased housing corporation as a conduit for the issuance of bonds and pledges its receipts under its ACC with the Department of Housing and Urban Development to the payment of its lease obligations which are designed to meet the principal and interest due on the bonds.

A similar question was considered in Attorney General Opinion WW-11 (1957). There you asked whether bonds issued by a public housing authority, rather than by a private leased housing corporation as in this case, could serve as collateral for the deposit of state funds. In considering whether the public housing authority bonds qualified as collateral under Article 2529 that opinion stated:

> The contract between the Federal Government and the Public Housing Authority may provide that the interest and sinking fund will be used for the purpose of paying the obligation, but this payment of the obligation is not guaranteed by the United States Government. Accordingly, the bonds are not eligible as collateral for State deposits under the provisions of Article 2529, V.C.S., since the quoted language, when taken with the other language of the Act, evidences a clear intent that the payment of the principal and interest must be the obligation guaranteed by the Federal Government. (emphasis in original)

Here, as in the situation considered in Attorney General Opinion WW-11, the federal government is guaranteeing only the payment of a specified sum to the public housing authority and not the ultimate payment of the principal and interest to the bondholder. Therefore, it is our opinion that the bonds about which you inquire do not qualify under Article 2529 to secure the deposit of state funds.

Attorney General Opinion WW-11 went on to hold that the public housing authority bonds did qualify as collateral under the specific provisions of Article 1269k-1, V.T.C.S., notwithstanding the failure to qualify under the more general Article 2529. Article 1269k-1, however, is limited to bonds or other obligations "issued by any public housing authority or agency." Although a public housing authority has pledged its annual contribution contract from the federal government for the payment of lease obligations, the issuer of the bonds is the leased housing corporation and therefore outside the scope of Article 1269k-1. We recognize that there is little practical difference between this type financing arrangement and the one approved in Attorney General Opinion WW-11 (1957); however, we are not at liberty to ignore the language of Art. 1269k-1

which restricts its application to bonds issued by public housing authorities.

## S U M M A R Y

Bonds issued by the Guadalupe Leased Housing
Corporation do not qualify to secure the deposit
of state funds.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee